**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROXANA RUEDA, *et al*.,                                          *

     Plaintiffs,                                          *

v.                                                              *          Civil Action No. 8:23-cv-00328-PX

GILBANE BUILDING COMPANY, *et al*.,
                                                                *
     Defendants.                                          *
                                                                *
                                                                *
                                                                *
                                                              ***

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is the motion for settlement approval jointly filed by Plaintiffs Roxana Rueda, Carlos Torrico, Fernando Lescano, Jose Torrico, Christian Orellana, Natanael Uriza Rodriguez, Oscar Mancilla, and Luis Teceros (collectively "Plaintiffs") and Defendants Gilbane Building Company ("Gilbane") and P&D Contractors, LLC (P&D) (collectively "Defendants"). ECF No. 39. Plaintiffs brought this wage theft and employee misclassification case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, the Maryland Prevailing Wage Statute, Md. Code Ann., State Fin. & Proc. § 17-201 *et seq.*, the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*, and the Maryland Workplace Fraud Act, Md. Code Ann., Lab. & Empl. § 9-402.1 *et seq*. *Id*. The issues have been briefed, and the Court now rules without a hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS the Parties' motion, approves the settlement, and dismisses the case with prejudice.

## I.      Background

Gilbane, a Maryland-based corporation, was the general contractor for the renovation of Hyattsville Middle School.  ECF No. 1 ¶ 19.  Gilbane hired P&D as a subcontractor.  *Id.* ¶¶ 7–11, 20, 24, 29–32.  Plaintiffs, who worked on the project, contend that Defendants did not credit all hours worked, and failed to pay the applicable hourly and overtime wages.  *Id.* ¶¶ 29–38, 51–52.  Defendants deny all wrongdoing.  ECF No. 39 at 4.  The parties have since settled the matter with Defendants agreeing to pay Plaintiffs a total of $22,390.35 in reportable W-2 wages, $22,390.35 in 1099 non-wage damages, and attorney fees and costs of $40,219.30 for a total of $85,000.  *Id.* at 2.

## II.     Standard of Review

Congress enacted FLSA to shield workers from substandard wages arising from the unequal bargaining power between workers and employers.  *See Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  In the Supreme Court's view, "allow[ing] waiver of statutory wages by agreement would nullify the purposes of the Act."  *Id.* at 707.  To that end, FLSA's requirements generally cannot be modified, waived, or bargained away by contract or settlement.  *See id.* However, the FLSA allows parties to settle claims if the settlement terms are approved by "court of competent jurisdiction."  *Id.* § 216(b).  The purpose of judicial review is to ensure that "the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM-13-3726, 2015 WL 6004150, at *4 (D. Md. Oct. 8, 2015).

"In reviewing FLSA settlements for approval, 'district courts in this circuit typically

employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) (quoting *Beam v. Dillon's Bus Serv., Inc.*, No. DKC-14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)).  More particularly, "[t]he settlement must reflect a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (quoting *Beam*, 2015 WL 4065036, at *3).  Thus, the court considers (1) whether FLSA issues are in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorneys' fees, if included in the agreement.  *Id.*  These factors are most likely satisfied where there is an "assurance of an adversarial context," and the employee is "represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court next addresses each factor in turn.

## III.    Analysis

### A.    *Bona Fide* Dispute

To determine whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-JFA-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).  Absent evidence of collusion or wrongdoing, "a court should be hesitant to substitute its own judgement for that of counsel." *Id.* (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).  From the beginning, Defendants have "vehemently den[ied] all allegations" and "would challenge Plaintiffs' credibility to establish they did not work the hours they claim they worked." ECF No. 39 at 4.  Defendants also specifically maintain that they never underpaid Plaintiffs. *Id.*  Accordingly, a *bona fide* dispute exists under the FLSA.

### B.      Fairness and Reasonableness of the Settlement

Next, as to the fairness and reasonableness of the settlement, the Court considers six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits and the amount of settlement contrasted with the potential recovery. *Hackett*, 259 F. Supp. 3d at 365 (quotation omitted).

The Court finds the agreement is fair and reasonable.  Plaintiffs' attorneys conducted third-party discovery and received thousands of pages of documents to assess the relative strength of Plaintiffs' claims and estimate monies owed.   ECF No. 39 at 2.  Plaintiffs' counsel has more than forty-years combined experience litigating FLSA cases, ECF No. 39 at 3, and in their estimation, the immediate benefits of settlement outweigh the "costs, risks, and time associated with further litigation." *Id.* at 5. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014) (noting the agreement was fair and reasonable because "resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced.").

Further, the Court finds no evidence that the settlement agreement is the product of fraud or collusion by counsel, and "neither party alleges collusion or fraud." *Id.  See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").  Last, the Parties appear to have engaged in "arms-length negotiations" which included the exchange of "numerous proposals to arrive at a mutually-agreeable settlement amount," that accounts for the "strengths and weaknesses of the claims and defenses in this case." *Id.*  The Court finds no reason to second

4

guess the proposed resolution of the disputed issues.  Based on these factors, the Court concludes that the settlement terms are fair and reasonable.

### C.  Reasonableness of Attorney's Fees

Section 216(b) of the FLSA also allows for the payment of reasonable attorney's fees. *See*  29 U.S.C. § 216(b).  *See also Leigh v. Bottling Grp., LLC*, 2012 WL 460468, at *5 (D. Md. 2012).  "[T]he reasonableness of [such] fee[s] ... must be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id*. (internal quotation omitted).  Courts traditionally evaluate the reasonableness of proposed fees using the lodestar method, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)

All told, Plaintiffs' counsel expended approximately 136 hours litigating this matter.  Had Plaintiffs' counsel billed at their customary rates, the non-negotiated fee would have been upwards of $144,000.  ECF No 39 at 5.  *See Duprey*, 30 F. Supp. 3d at 412 (noting that counsel's acceptance of a discounted rate was reasonable for purposes of FLSA settlement agreement).  By contrast, the agreed-upon fee, combined with reimbursement for costs, is $40,219.30; a far more conservative amount than if the Court had applied the presumptively reasonable rates set forth in the Local Rules. *See* D. Md. Loc. R. App. B at 127.  *See also Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stevenson*, 465 U.S. 886, 890 n. 11 (1984) ("An hourly rate is reasonable if it is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").  Accordingly, the proposed agreed upon amount for attorney's fees and costs is reasonable.

**IV.** **Conclusion**

For the foregoing reasons, the Court grants the motion to approve settlement at ECF No.

39-1.  A separate order follows.


October 31, 2024                               /s/ _____

Date                                                         Paula Xinis

                                                        United States District Judge